

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~XXHUBUSXIBEXXXHOOLPTHEXP~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

See State v. University
of Houston
1954 CCA Houston
264 SW 2d 153 NRE

Hon. T. M. Trimble
First Assistant
  State Superintendent
Department of Education
Austin, Texas

Opinion No. 0-7038
Re: Whether Dayton Independent
School District is subject to
State and county taxes on a roy-
alty interest owned by the dis-
trict under the facts stated.

Dear Sir:

     We are in receipt of your request for opinion as to whether Dayton Independent School District is subject to State and county taxes on a royalty interest owned by the district. We quote from the facts given us by you as follows:

    "The Dayton Independent School District is being assessed for State and County taxes on some royalty interest owned by this district. The revenue from this royalty interest amounts to about $70.00 annually, and it is used to help educate the children of this district. Said royalty interest is not located on the school grounds, but is some royalty acquired in exchange for some land on which was located one of our outlying schools."

     Article 8, Section 2, of our State Constitution, provides in part as follows:

    ". . . the Legislature may, by general laws, exempt from taxation . . . all buildings used exclusively and owned by persons or associations of persons for school purposes, and the necessary furniture of all schools and property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women, operating under a State or National organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit,
. . ."

     Article 7150, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"The following property shall be exempt from taxation, towit:

"1. Schools and churches--Public school houses. . . all public colleges, public academies, and all endowment funds of institutions of learning and religion not used with a view to profit, and when the same are invested in bonds or mortgages, and all such buildings used exclusively and owned by persons or associations of persons for school purposes; . . ."

Article 8, Section 1, of our State Constitution, provides that taxation shall be equal and uniform; and, in Article 8, Section 2, of our State Constitution, it is further provided that all laws exempting property from taxation other than the property mentioned in said article and section shall be null and void.

Under the facts stated it is our opinion that neither Article 8, Section 2, Constitution of Texas, nor Article 7150, V.A.C.S., supra, exempt from taxation the royalty interest described by you.

Your question is therefore answered in the affirmative.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning, Assistant

APPROVED JAN. 30, 1946
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, Chairman

WJF:AMM:wb